UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CARLOS PERRY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:13CV292 TIA |
| | ) |
| LEONARD EDWARDS, et al., | ) |
| | ) |
| Defendants. | ) |

**<u>MEMORANDUM AND ORDER</u>**

This matter is before the Court upon the motion of plaintiff (registration no. 34040), an inmate at St. Louis City Justice Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $.60. <u>See</u> 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the

greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $3.00, and an average monthly balance of $2.55. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $.60, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is

undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

**The Complaint**

Plaintiff, an inmate at the St. Louis City Justice Center, brings this action pursuant to 42 U.S.C. § 1983, alleging violations of his civil rights. Named as defendants, in their individual and official capacities, are Civil Justice Center employees: Leonard Edwards; Reginald Moore; Sheila Troupe; Laverta Barass; Julius Smith; Terris Henderson; and Dale Glass.

Plaintiff asserts that he is representing himself pro se in his ongoing criminal action in St. Louis City Court and that he has not been allowed to receive the unlimited access to the law library and law books that he has requested at the City Justice Center.[1] He claims, broadly, that this has interfered with his ability to defend his criminal case in City Court, and he seeks monetary damages and injunctive relief.

Attached to plaintiff's complaint, and thereby considered part of the record, are copies of plaintiff's IRRs and grievances, as well as defendants' grievance responses wherein they outline the access plaintiff has been given to the law library and legal materials.

## Discussion

---

[1] See State v. Perry, Case No. 1222-CR02982-01 (22nd Judicial Circuit), found at https://www.courts.mo.gov/casenet/cases.

"To state a claim [for denial of meaningful access to the courts], inmates must assert that they suffered an actual injury to pending or contemplated legal claims." Myers v. Hundley, 101 F.3d 542, 544 (8th Cir. 1996).

> Inmates undeniably enjoy a constitutional right of access to the courts and the legal system. Lewis v. Casey, 518 U.S. 343, ----, 116 S. Ct. 2174, 2179, 135 L. Ed.2d 606 (1996); Bounds v. Smith, 430 U.S. 817, 821, 97 S. Ct. 1491, 1494-95, 52 L. Ed.2d 72 (1977). To protect that right, prisons must provide inmates with some access to legal materials or to legal assistance so that inmates can prepare and pursue complaints, and with some ability to mail these complaints and related legal correspondence once prepared. Casey, 518 U.S. at ----, 116 S.Ct. at 2180; Bounds, 430 U.S. at 824-28, 97 S. Ct. at 1496-98. Inmates do not have a right, however, either to law libraries or to unlimited stamp allowances for legal mail. Instead, the duty to make such arrangements is bounded by the inmates' right of meaningful access to the courts. Casey, 518 U.S. at ----, 116 S. Ct. at 2180; Bounds, 430 U.S. at 828, 97 S. Ct. at 1498.

Myers, at 544.

The Court has reviewed the entire docket in plaintiff's criminal case and despite plaintiff's broad assertions of prejudice, has found no prejudicial rulings against plaintiff. In fact, plaintiff's pro se status is currently under advisement at this time and several hearings appear to have been continued or deferred until this matter can be ruled upon.

Furthermore, the Court notes that a review of the grievance responses, as well as plaintiff's own complaint and accompanying IRRs, show that plaintiff has received time in the library, as well as the benefit of legal materials.[2] It appears that plaintiff's disagreement with defendants is the amount of time he has been allowed to spend in the library as well as the cost being assessed for the materials, as he seeks at least "4 hours per day during week days" in the law library and free copying for legal materials.[3]

In civil rights action brought by prison inmate, a court must accord substantial deference to the professional judgment of prison administrators, who bear a significant responsibility for defining legitimate goals of corrections system and for determining most appropriate means to accomplish them. <u>Overton v. Bazzetta</u>, 123 S. Ct. 2162 (2003).  There is nothing in the record, or in plaintiff's allegations, indicating that defendants have failed to define legitimate goals for use of the law

---

[2]Plaintiff has included numerous requests for legal materials with his complaint, many of which the Court concludes have formed the basis for several of the motions filed in his criminal action.

[3]By Memorandum dated January 30, 2013, LaVerta Barnes granted plaintiff access to the library from 8 a.m. to 10 a.m. each Monday, Wednesday and Friday. This request was revoked by Ms. Barnes on February 5, 2013 after she was told by City Court personnel that plaintiff's pro se status in his criminal action was "deferred" and not yet "granted."  As such, per the Justice Center Regulations, plaintiff was told that he needed a court order showing that he was representing himself pro se in order to physically access the law library.

library and legal materials.  These lack of allegations, along with the lack of prejudice shown above, results in a finding that plaintiff has failed to state a denial of access to courts claim at this time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $.60 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 20th day of March, 2013.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE